```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| INGENIERIA, MAQUINARIA Y EQUIPOS DE COLOMBIA S.A., | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civil Action No. 17-3624 (JBS/JS) |
| v. | |
| AVIATION TECHNOLOGY & TURBINE SERVICE, INC., | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE, District Judge:**

This matter comes before the Court on Respondent Aviation Technology & Turbine Service, Inc.'s ("ATTS") motion to stay execution on the judgment in this matter pending appeal without being required to post a supersedeas bond or, in the alternative, for approval of a supersedeas bond. [Docket Item 26.] For the reasons set forth below, the motion will be granted in part and denied in part; the Court will grant a stay of the execution of judgment, but will deny ATTS's request to waive the supersedeas bond. Bond will be set at $289,659.00, the amount awarded in favor of Petitioner Ingenieria, Maquinaria Y Equipos de Colombia S.A. ("IMECOL") by the Colombian arbitration panel and confirmed by this Court. The Court finds as follows:

1. IMECOL and ATTS were parties to a three-year exclusive agency agreement regarding the sale of commercial equipment in

Colombia. After ATTS failed to make commission payments to IMECOL, IMECOL initiated proceedings against ATTS before a Colombian arbitration panel pursuant to an arbitration clause in the agency agreement. ATTS conceded it was notified of the arbitration proceedings, but opted not to participate. Ultimately, the arbitrators found in IMECOL's favor and determined that ATTS and a Colombian subsidiary, ATTS Energía, were jointly and severally liable to IMECOL for $289,659.00.

2. On December 8, 2017, the Court confirmed the Colombian arbitration award. [Docket Item 23.] ATTS has appealed that decision [Docket Item 24], and now asks this Court to stay execution on the $289,659.00 judgment pending appeal and waive the supersedeas bond requirement or, in the alternative, to approve a supersedeas bond pursuant to Fed. R. Civ. P. 62(d). [Docket Item 26.] IMECOL opposes this motion. [Docket Item 27.]

3. Under Federal Rule of Civil Procedure 62(d), an appellant may obtain a stay by supersedeas bond[1] after filing a notice of appeal on the docket. The appellant is "entitled to a stay of a money judgment as a matter of right if he posts a

---

[1] "A supersedeas bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." United States ex rel. Doe v. Heart Sol. PC, 2017 WL 2709561, at *1 (D.N.J. June 23, 2017) (quoting Hilburn v. Bayonne Parking Auth., 2013 WL 1721648, at *2 (D.N.J. Apr. 19, 2013)).

2

[supersedeas] bond in accordance with [Rule] 62(d)." Pharmacia Corp. v. Motor Carrier Serv. Corp., 2008 WL 852255, at *4 (D.N.J. Mar. 28, 2008) (quoting American Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966)). "In order to make the other party whole, such a supersedeas bond must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." Pharmacia Corp., 2008 WL 852255, at *4.

    4. "Although the Third Circuit is silent on the issue of whether courts may require a bond less than the amount of the full judgment, district courts within the Third Circuit have found that they have discretion under Rule 62(d) to waive the bond requirement in whole or in part." Montalvo v. Larchmont Farms, Inc., 2011 WL 6303247, at *1 (D.N.J. Dec. 15, 2011) (citing Church & Dwight Co. v. Abbott Labs., 2009 WL 2230941, at *14 (D.N.J. July 23, 2009)). Courts exercise this discretion "where there exists an alternative means of securing the judgment" and there are "exceptional circumstances." Montalvo, 2011 WL 6303247 at *1 (citing Transamerica Occidental Life Ins. v. Total Systems, Inc., 2011 WL 2447520, at *2 (D.N.J. July 23, 2009; Church & Dwight Co., 2009 WL 2230941, at *14).

    5. In determining whether "exceptional circumstances" exist, courts in this District consider the so-called Dillon factors, which are:

(1) [T]he complexity of the collection process;

(2) [T]he amount of time required to obtain a judgment on appeal;

(3) [T]the degree of confidence that the district court has in the availability of funds to pay the judgment;

(4) [W]hether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and

(5) [W]hether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the debtor in an insecure position.

Hurley v. Atlantic City Police Dept., 944 F. Supp. 371, 374 (D.N.J. 1996) (citing Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)). Additionally, "it is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impracticable; likewise it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee." Hilburn, 2013 WL 1721648, at *2 (quoting AMG Nat'l Trust Bank v. Ries, 2008 WL 2312532, at *1 (E.D. Pa. June 4, 2008)).

6. Here, ATTS addresses some of the five Dillon factors articulated above. Specifically, ATTS avers that it's "financial strength and ability to satisfy the Judgment are strong," and that "the company is capable of expeditiously satisfying the Judgment using its own financial resources." (Resp. Br. at 2; Khan Decl. at ¶¶ 4-5.) Furthermore, ATTS "assures [the Court]

4

that it will be able to pay the Judgment should it become final and unappealable," and that "ATTS could wire the full amount of the Judgment and any post-judgment interest of other costs associated therewith to an appropriate account held by plaintiff within ten (10) business days." (Resp. Br. at 3; Khan Decl. at ¶¶ 6-7.) Because ATTS is "fully able to satisfy the Judgment at such time as its appeals are exhausted," ATTS reasons that "a supersedeas bond is not necessary in this matter." (Resp. Br. at 3.)

7. IMECOL, in turn, maintains that ATTS "addresses the Dillon factors only briefly, providing no compelling reason to waive the bond requirement," which is "not sufficient." (Pet. Br. at 9.) To that end, IMECOL argues, "[n]ot only has Respondent not provided corroborating evidence of its ability to pay, such as bank records or other proof of funds, but Respondent has also failed to explain why [the] five Dillon factors weigh in its favor." (Id. at 10.) IMECOL further argues that, "[e]ven if Respondent had offered evidence to show the Dillon factors weigh in its favor, Respondent fails to offer any alternative means for securing its judgment," such as a supersedeas bond. (Id. at 10-11.)

8. The Court concludes that the supersedeas bond requirement should not be waived in this instance. First, ATTS has not adequately explained why all five of the Dillon factors

weigh in its favor. For example, ATTS has not put forth any evidence regarding the complexity of the collection process (the first Dillon factor) or the amount of time required to obtain a judgment on appeal (the second Dillon factor). In fact, ATTS has only really demonstrated that it is financially secure at the moment and is currently able to pay the judgment. (See Khan Decl. at ¶¶ 6-7.) These, the Court finds, fall well short of "extraordinary circumstances." Accord Heart Sol. PC, 2017 WL 2709561, at *2 (court refuses to waive supersedeas bond requirement where appellant failed to adequately address all five Dillon factors); Hilburn, 2013 WL 1721648, at *3 (same); Montalvo, 2011 WL 6303247 at *2 (same); Church & Dwight Co., 2009 WL 2230941, at *16 (same); Transamerica Occidental Life Ins., 2011 WL 2447520, at *3 (same); Leff v. First Horizon Home Loan, 2007 WL 2572362, at *7 (D.N.J. Sept. 4, 2007) (same). Second, ATTS has not offered any alternative means for securing its judgment or argued that the bond requirement is "impossible or impracticable." Hilburn, 2013 WL 1721648, at *3. Accordingly, the Court will require ATTS to file a supersedeas bond to stay this judgment pending appeal and ATTS will, therefore, be "entitled to a stay of a money judgment as a matter of right." Pharmacia Corp., 2008 WL 852255, at *4.

9. For the foregoing reasons, ATTS's motion will be granted in part and denied in part. The Court will grant the

stay of execution and will set bond at $289,659.00, the amount awarded in favor of IMECOL by the Colombian arbitration panel and confirmed by this Court. This amount, the Court finds, is "a sum sufficient to pay the judgment and costs, interest, and damages for delay." Pharmacia Corp., 2008 WL 952255, at *4. An accompanying Order will be entered.

| | |
|---|---|
| **April 9, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |